14-110-cv
*Kampfer v. Cuomo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand sixteen.

PRESENT:  CHESTER J. STRAUB,
DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DOUGLAS E. KAMPFER,
*Plaintiff-Appellant*,

v.                                                      14-110-cv

ANDREW M. CUOMO (Governor, State of New York),
*Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      Douglas E. Kampfer, *pro se*, Mayfield, New York.

FOR DEFENDANT-APPELLEE:       Claude S. Platton, Senior Assistant Solicitor General, Anisha S. Dasgupta, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, *for* Eric T. Schneiderman, Attorney

General of the State of New York, New York, New York.

Appeal from the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Douglas E. Kampfer, proceeding *pro se*, appeals a January 7, 2014 judgment of the United States District Court for the Northern District of New York dismissing Kampfer's various constitutional challenges to the New York Secure Ammunition and Firearms Enforcement Act of 2013 (the "SAFE Act") pursuant to Federal Rule of Civil Procedure 12(b)(6) and declining to exercise supplemental jurisdiction over his remaining state law claim. *See* 2013 N.Y. Sess. Laws 1 (McKinney) (codified as amended at scattered sections of N.Y. Penal Law). Kampfer alleges both a facial Second Amendment challenge to the SAFE Act's assault weapons restrictions and an equal protection challenge to its grandfather clause. He also moves for sanctions against counsel for defendant-appellee for stating, in a caption in an affidavit, that a motion was unopposed when it was opposed. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the

complaint as true, and drawing all reasonable inferences in the plaintiff's favor.  *See*

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir. 2010).

Neither of Kampfer's constitutional challenges is persuasive.  First,

Kampfer's facial Second Amendment challenge is foreclosed by our decision in *New*

*York State Rifle & Pistol Ass'n, Inc. v. Cuomo* ("*NYSPRA*"), where we upheld the

constitutionality of the SAFE Act's restrictions on assault weapons.  804 F.3d 242, 261-63

(2d Cir. 2015).

Second, Kampfer's equal protection challenge to the SAFE Act's

grandfather clause also lacks merit.  Kampfer contends that, because the SAFE Act

provides exemptions for pre-existing owners of assault weapons, he has not been

treated the same as those otherwise similarly situated individuals.  *See id.* at 249

(describing SAFE Act's grandfather clause).  This challenge is subject to rational basis

review because the provision neither targets a suspect class, nor, for the reasons set

forth in *NYSPRA*, 804 F.3d at 261-63, unconstitutionally burdens Second Amendment

rights.  *See Kwong v. Bloomberg*, 723 F.3d 160, 170 n.19 (2d Cir. 2013) (when statute

"survives 'intermediate scrutiny,' and . . . does not involve a suspect classification . . .

courts have applied 'rational basis' review to Equal Protection claims" (citation

omitted)).  Grandfather clauses are a long-accepted legislative tool for mitigating the

effect of new regulations on persons who have relied on existing law.  *See City of New*

*Orleans v. Dukes*, 427 U.S. 297, 304-05 (1976).  Here, the grandfather clause seeks to

mitigate the effects of the SAFE Act on pre-existing owners, and was not irrational.

We have reviewed Kampfer's remaining arguments and conclude they are

without merit.  Accordingly, we **AFFIRM** the judgment of the district court, and

Kampfer's motion for sanctions is denied.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk